UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN ORTIZ,

    Plaintiff,

v.                                                             Case No. 8:19-cv-199-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

I.

The Plaintiff was born in 1964, is high school educated, and has past relevant work experience as a fire system pipe fitter and a metal fabricator shop helper. (R. 22-23, 66-67, 72). In March 2015, the Plaintiff applied for DIB and SSI, claiming

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

disability as of April 29, 2013, due to a lumbar disc displacement. (R. 95, 107, 119, 130, 293-305). The Social Security Administration (SSA) denied his applications both initially and on reconsideration. (R. 145-50, 154-63).

At the Plaintiff's request, an Administrative Law Judge (ALJ) convened a hearing on the matter on August 22, 2017. (R. 30-56). That hearing was postponed, however, so that the Plaintiff could obtain representation and undergo a consultative examination (CE). (R. 15-16).

Following the completion of that CE, the ALJ conducted a second hearing on January 3, 2018. (R. 57-94). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. (R. 66-89). A vocational expert (VE) also testified. (R. 70-72, 89-93).

In a decision dated January 29, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2018, and had not engaged in substantial gainful activity since his alleged onset date of April 29, 2013; (2) had the severe impairments of sciatica and degenerative disc disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to engage in light work with some additional postural and environmental restrictions; and (5) was unable to perform his past relevant work but, based on the VE's testimony, was able to engage in other occupations that exist in significant numbers in the national economy—namely, housekeeper/cleaner, cashier II, and

ticket seller. (R. 15-24). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 24).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may

not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff raises two interrelated arguments on appeal: (1) the ALJ's RFC findings at step four are insufficient because he failed to include the Plaintiff's use of a cane; and (2) the hypothetical questions the ALJ posed to the VE as part of his step-five inquiry were incomplete because they did not account for the Plaintiff's need for a cane. (Doc. 21 at 9-12, 15-16). The Court addresses these two issues together and finds that they warrant remand.

As noted above, at step four of the sequential evaluation process the ALJ must evaluate whether a claimant has the RFC to perform his past relevant work. "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his . . . impairments." *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1545(a)). In rendering his RFC findings, the ALJ must consider "'all the relevant medical and other evidence' in the case." *Id.* (citing 20 C.F.R. § 404.1520(e)). Once made, the ALJ's RFC findings are used not only to determine whether a claimant "can return to [his] past relevant work under" step four, but also to assess whether he "can adjust to other work under" step five. *Id.*

In this case, as set forth above, the ALJ found at step four that the Plaintiff had the RFC to engage in a limited range of light work. (R. 20-23). In arriving at this determination, the ALJ reviewed the Plaintiff's testimony as well as the relevant medical evidence, and—of note here—acknowledged that the Plaintiff used a cane even though it was not medically prescribed. (R. 19, 67).[4] The ALJ also recounted varying descriptions of the Plaintiff's gait (ranging from antalgic to normal), his use of over-the-counter medication for his pain, and his ongoing ability to engage in certain activities, including driving and some yardwork. (R. 19-21).[5]

The ALJ then considered the results of a September 2017 CE performed by Dr. Charles Lebowitz. (R. 21-22). While Dr. Lebowitz determined that the Plaintiff could ambulate without a cane (R. 22, 643), the ALJ gave little weight to this determination, finding that Dr. Lebowitz did not consider either the Plaintiff's subjective complaints or "the combined effects of his impairments," and that the Plaintiff was therefore "more limited than [Dr. Lebowitz] suggest[ed]." (R. 22).

Instead, the ALJ gave great weight to a July 2015 RFC assessment completed by a state agency consulting doctor, Dr. James Patty. *Id.* Dr. Patty determined based

---

[4] Some of the ALJ's review of this evidence is actually found in his findings at step three. For purposes of the Court's analysis, however, the Court includes those findings as pertinent to the ALJ's step-four analysis as well.

[5] In addition to the above evidence, the ALJ addressed the April 2015 records of Dr. Ashok Avaiya, a physician who the Plaintiff saw for a disability examination. The ALJ remarked that, according to Dr. Avaiya's progress notes, the Plaintiff reported utilizing a cane to walk following back surgery but—per Dr. Avaiya—the Plaintiff was nonetheless able to "ambulate[ ] with limping on right leg[ ] without any assistive device." (R 21, 533-34). What role, if any, Dr. Avaiya's records played in the ALJ's decision, however, is not entirely clear, as the ALJ did not state what weight he assigned to any medical opinions tendered by Dr. Avaiya.

upon his review of the records that the Plaintiff was subject to a number of exertional, postural, and environmental limitations. (R. 125-26, 136-37). Of significance here, in describing the Plaintiff's exertional and postural restrictions, Dr. Patty explicitly cited the Plaintiff's "use[ of] a quad cane" as the specific fact and evidence upon which he relied. *Id.*

In his decision, the ALJ adopted all of the limitations imposed by Dr. Patty (R. 20) and stated in support of that assessment:

> Dr. Patty opined that the [Plaintiff] is limited to light exertion work with additional postural and environmental limitations. Great weight is given to his assessment because it is consistent with the [Plaintiff's] sporadic treatment and the fact that he uses over-the-counter medications for his pain. Great weight is consistent with the fact that the [Plaintiff] remains able to take care of his personal care, do yard work, drive, [and] perform some work with no significant problems.

(R. 22).

In light of the ALJ's RFC findings, and based on the VE's testimony in response to the ALJ's hypotheticals, the ALJ determined at step five that the Plaintiff was capable of performing the three representative occupations identified above. (R. 23-24, 89-90).

The crux of the Plaintiff's first claim of error is that the ALJ's RFC findings contravene Social Security Ruling (SSR) 96-9p by failing to include the Plaintiff's need for a cane.[6] SSR 96-9p provides in relevant part:

---

[6] Although SSR 96-9p addresses the use of hand-held assistive devices in circumstances where a claimant's RFC limits him to sedentary work, some courts have also applied it to situations where a claimant's RFC limits him to light work. *See, e.g.*, *Williams v. Acting Comm'r of Soc.*

7

> [T]here must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

1996 WL 374185, at *7 (July 2, 1996).

By its terms, SSR 96-9p requires that a claimant "present medical documentation (1) establishing [his] need for a cane or other device and (2) describing the circumstances for which it is needed." *Williams*, 2019 WL 2511592, at *3 (citations omitted). "Without that showing, an ALJ is not required to include the use of a cane in a claimant's RFC." *Id*. (citation omitted).

If, however, "the record contains information showing a claimant uses a cane, an ALJ should explicitly consider whether the claimant has a medical necessity for using such a device and affirmatively reject [it], if appropriate, so the reviewing [c]ourt can be sure whether he intended to recognize use of a cane." *Ebenroth v. Saul*, 2020 WL 583057, at *7 (S.D. Ga. Jan. 14, 2020) (citing *Carter v. Astrue*, 2011 WL 4502024, at *10 (M.D. Fla. Sept. 28, 2011)), *report and recommendation adopted*, 2020 WL 583166 (S.D. Ga. Feb. 5, 2020).

---

*Sec. Admin*, 2019 WL 2511592 (M.D. Fla. June 18, 2019); *Kendrick v. Comm'r of Soc. Sec.*, 2018 WL 4126528 (M.D. Fla. July 9, 2018), *report and recommendation adopted*, 2018 WL 4112832 (M.D. Fla. Aug. 29, 2018). The Plaintiff asserts, and Commissioner does not dispute, that SSR 96-9p applies here and, in fact, both parties rely on it as part of their analyses. The Court therefore does not address the matter further.

Applying the above legal principles here, the Court finds that the ALJ erred by not expressly addressing and resolving the matter of the Plaintiff's purported need for a cane. *Williams*, 2019 WL 2511592, at *4 (observing that an ALJ's obligation to address and resolve the matter of a claimant's use of a cane arises "when the record reflects [the claimant's] purported need for [such an] assistive device"). As noted above, there is "documentary evidence [in the record] referencing [the] Plaintiff's use of a cane," and the ALJ himself "acknowledged the Plaintiff's use of a cane." *Id*. at *4. Further, Dr. Patty—whose opinion the ALJ accorded great weight and whose functional limitations the ALJ accepted—explicitly relied on the Plaintiff's "use[ of ] a quad cane" in making his RFC findings. Given these circumstances, the ALJ was obligated to specifically discuss whether the Plaintiff required such an assistive device and affirmatively reject it as medically unnecessary, if appropriate. *Ebenroth*, 2020 WL 583057, at *7; *Williams*, 2019 WL 2511592, at *4. Because the ALJ failed to do so, "the [c]ourt can only speculate whether the ALJ intended to recognize" the Plaintiff's need for a cane. *Williams*, 2019 WL 2511592, at *4. The fact that the Plaintiff's use of a cane was not medically prescribed does not absolve the ALJ of his obligation to expressly consider and decide this issue. *Ebenroth*, 2020 WL 583057, at *7; *Williams*, 2019 WL 2511592, at *3-4.

The Commissioner's efforts to justify the ALJ's failure to explicitly evaluate and determine whether the Plaintiff required a cane are unpersuasive. The Commissioner posits initially that the ALJ only afforded great weight to those portions of Dr. Patty's opinion limiting the Plaintiff to light work with additional postural and

9

environmental limitations, and not to those portions of his assessment pertaining to the Plaintiff's need for a hand-held assistive device. "[T]he ALJ, [however], cannot reject portions of a medical opinion without providing an explanation for such a decision." *Monte v. Astrue*, 2009 WL 210720, at *6 (M.D. Fla. Jan. 28, 2009) (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)). Nowhere in the ALJ's decision does he separately address the elements of Dr. Patty's opinion regarding the Plaintiff's use of a cane or explain why he discounted the Plaintiff's need for such a device (if, in fact, he did).

The Commissioner similarly argues that Dr. Patty did not clearly opine that the Plaintiff *required* a cane in rendering his functional assessment. According to the Commissioner, Dr. Patty determined the Plaintiff's limitations "notwithstanding" or in spite of his need for a cane. The Commissioner's argument, however, neglects to recognize the inextricable link between Dr. Patty's RFC findings and the Plaintiff's reliance on an assistive device to walk. Indeed, as noted, Dr. Patty specifically relied on the Plaintiff's use of a quad cane in rendering his RFC assessment.

Citing *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), the Commissioner also attempts to buttress the ALJ's RFC determination by arguing that the Plaintiff is simply speculating that Dr. Patty predicated his functional limitations on the Plaintiff use of a cane. In *Moore*, the court noted that, rather than point to medical evidence contradicting the ALJ's RFC findings, the plaintiff impermissibly offered only inferential extrapolation and conjecture that her "physicians *would most likely* disagree with the ALJ's findings." *Id.* at 1213 (emphasis in original). Unlike in *Moore*, however,

no such extrapolation is needed here. The explicit basis for Dr. Patty's RFC findings included the Plaintiff's utilization of a cane.

Finally, relying on *Buley v. Comm'r of Soc. Sec.*, 739 F. App'x 563 (11th Cir. 2018), the Commissioner contends there is other evidence in the record purportedly supportive of the ALJ's exclusion of a cane from the Plaintiff's RFC. This argument likewise fails. In *Buley*, the court found that the ALJ was justified in giving little weight to the opinion of one of the plaintiff's treating physicians (including the doctor's assessment regarding the plaintiff's need for a cane) because it contradicted the physician's own records and those of two other doctors. *Id.* at 570. In contrast, the ALJ's decision here accorded great weight to Dr. Patty's RFC determination, which—in turn—was predicated on the Plaintiff's use of a quad cane.

Moreover, the Court can only rely on what the ALJ said, not on a post-hoc rationalization tendered by the Commissioner on appeal. *Dolan v. Comm'r of Soc. Sec.*, 2018 WL 1531917 at *2 (M.D. Fla. Mar. 29, 2018) ("In evaluating whether the ALJ articulated a basis for [his] decision, the [c]ourt may not rely upon the Commissioner's post-hoc rationalizations. Instead, it must look to the justification provided by the ALJ in the record.") (citing *Baker v. Comm'r of Soc. Sec.*, 348 F. App'x 893, 896 (11th Cir. 2010)); *see also Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871-72 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Because the ALJ's RFC findings require clarification with respect to the Plaintiff's need for a cane, the Plaintiff's second claim of error as to the completeness

11

of the hypothetical questions the ALJ posed to the VE likewise compels remand. It is well established in this regard that, when employing a VE, the ALJ must formulate hypothetical questions which include all of the Plaintiff's impairments and limitations. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007). Where the hypothetical questions presented to a VE do not comprehensively describe all of the claimant's impairments and restrictions, an ALJ's decision based significantly on the VE's testimony is not supported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, for the reasons stated above, it is unclear whether the ALJ affirmatively rejected the Plaintiff's need for a cane and this uncertainty precludes the Court from properly evaluating the ALJ's vocational finding. Indeed, one of the primary reasons an ALJ must expressly address a claimant's need for a hand-held assistive device is that it "may 'significantly erode[ ]' the 'occupational base for [a claimant] who must use such a device.'" *Dolan*, 2018 WL 1531917, at *2 (citing SSR 96-9p); *see also Carter*, 2011 WL 4502024, at *10 (explaining that the ALJ's express consideration of the use of a cane "could alter the outcome of [a] case"). And, "if a claimant has a genuine medical need for a cane, such a limitation should be included in the hypothetical questions the ALJ presents to the [VE]." *Dolan*, 2018 WL 1531917, at *2 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). Because the ALJ failed to address the issue of the Plaintiff's need for a cane in this case, the hypothetical questions he

posed to the VE and upon which he relied in making his decision may not have adequately accounted for all of the Plaintiff's limitations.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 31st day of March 2020.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record